# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **JAMES E. HYMAN,** | |
| **Plaintiff,** | **Case No. 3:22-cv-1081** |
| **v.** | **District Judge William L. Campbell, Jr.** |
| | **Magistrate Judge Barbara D. Holmes** |
| **YESCARE CORP.; VALITAS INTERMEDIATE HOLDINGS, INC.; CHS TX, INC.; PERIGROVE, LLC; SARA TIRSCHWELL; SCOTT KING; ABRAHAM GOLDBERGER; YITZCHOK "ISAAC" LEFKOWITZ; and DAVID GEFNER,** | |
| **Defendants.** | |

## ANSWER OF DEFENDANTS
## SCOTT KING; CHS TX, INC.; AND YESCARE CORP.

Defendants Scott King ("Mr. King"); CHS TX, Inc. ("CHS TX"); and YesCare Corp. ("YesCare") (collectively, "Defendants"), by and through undersigned counsel, hereby answer the Complaint filed in the above-referenced action as follows:

### FIRST DEFENSE

The Complaint should be dismissed to the extent that it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
(Responses to Numbered Paragraphs)

1. Defendants admit the allegation in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that Corizon Health, Inc. ("Corizon") underwent a divisional merger to become Corizon n/k/a Tehum Care Services, Inc. and CHS TX, and Defendants admit that Plaintiff Mr. Hyman's employment agreement is a liability held by Corizon. Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that Corizon filed for bankruptcy, but Defendants deny the remaining allegations in Paragraph 4 as stated.

5.      The allegation in Paragraph 5 regarding representations made "on numerous occasions" is vague and imprecise such that Defendants lack knowledge or information sufficient to admit or deny the averment, and the allegation is therefore denied.

6.      Defendants deny that the wire transfer referenced in Paragraph 6 was "suspect." Further, any correspondence on which the allegations in Paragraph 6 are based speaks for itself. To the extent the allegations in Paragraph 6 seek to paraphrase or characterize the contents of the correspondence, Defendants deny the allegations to the extent that they are inconsistent with said correspondence.

7.      Defendants deny the allegations in Paragraph 7. Current litigation counsel is the undersigned.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants object to the assumptive nature of the allegations in Paragraph 11 and deny engaging in any bankruptcy "schemes."

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that certain named Defendants provide healthcare services in the correctional care industry, but Defendants deny that their ability to provide said services has been negatively affected by the divisional merger.  Defendants deny the remaining allegations in Paragraph 14.

## PARTIES

15.     Defendants lack knowledge or information sufficient to form a belief as to the averment regarding Mr. Hyman's residency. Defendants admit that Mr. Hyman is a former employee of Valitas Health Services, Inc. Defendants deny that Mr. Hyman is a current stockholder in CHS TX, Inc. or Corizon Health, Inc. n/k/a Tehum Care Services, Inc.

16.     Defendants admit that CHS TX, Inc. is a Texas corporation with its principal place of business in Brentwood, Tennessee.  Defendants also admit that pursuant to a divisional merger, Valitas Health Services, Inc. was merged into Corizon Health, Inc., which then split into two entities: CHS TX, Inc. and Corizon Health, Inc. n/k/a Tehum Care Services, Inc.  Defendants deny that both CHS TX and Tehum Care Services, Inc. are part of the YesCare family of companies. Defendants also deny that both CHS TX, Inc. and Tehum Care Services, Inc. are owned by Valitas Intermediate Holdings, Inc.

17.     Defendants admit that YesCare is a Texas corporation with its principal place of business in Brentwood, Tennessee. Further, to the extent the allegations of Paragraph 17 seek to paraphrase or characterize the contents of YesCare's website, the website speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the website. Otherwise, the remaining allegations in Paragraph 17 are legal conclusions to which no response is required.  However, to the extent a response is required, Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that Mr. Hyman refers to YesCare, CHS TX, Valitas Health Services, Inc., and Tehum Care Services, Inc. collectively as "YesCare," but Defendants deny this reference as inappropriate and inaccurate.

19.     Upon information and belief, Defendants admit the allegation in Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the averment regarding Perigrove, LLC and the way it holds itself out to the public. Upon information and belief, Defendants admit the remaining allegations in Paragraph 20.

## JURISDICTION AND VENUE

21.     Defendants lack knowledge or information sufficient to admit or deny the statements in Paragraph 21 regarding subject matter jurisdiction because Defendants do not know the state of Plaintiff's citizenship and the state of citizenship of Defendants Perigrove, LLC, Sara Tirschwell, Abraham Goldberger, David Gefner, and Yitzchok "Isaac" Lefkowitz.  Further, while denying that Plaintiff is entitled to any damages from Defendants, Defendants lack knowledge or information regarding the amount that is legitimately in controversy in this matter.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

## FACTS

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 25, and therefore the allegations in this Paragraph are denied.

26.     Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 26, and therefore the allegations in this Paragraph are denied.

27.     Defendants admit the allegations in Paragraph 27.

4

28.     Defendants admit the first sentence in Paragraph 28.  Defendants deny the second sentence in Paragraph 28.

29.     Mr. Hyman's employment agreement, including the subsequent amendment, speaks for itself. Defendants deny the allegations in Paragraph 29 to the extent that they are inconsistent with the agreement.

30.     Upon information and belief, the allegations in Paragraph 30 are admitted.

31.     Upon information and belief, the allegations in Paragraph 31 are admitted.

32.     Upon information and belief, the allegations in Paragraph 32 are admitted.

33.     Upon information and belief, the allegations in Paragraph 33 are admitted.

34.     Defendants deny the allegations in Paragraph 34.

35.     Upon information and belief, the allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 are denied as stated.

37.     Upon information and belief, the allegations in Paragraph 37 are admitted.

38.     The allegations in Paragraph 38 do not relate to Defendants. Thus, these are not allegations Defendants are required to admit or deny. However, Defendants deny said allegations to the extent they may be construed to allege Defendants were involved with the alleged actions or that the actions provide Plaintiff with any avenue of relief from Defendants.

39.     The allegations in Paragraph 39 do not relate to Defendants. Thus, these are not allegations Defendants are required to admit or deny. However, Defendants deny said allegations to the extent they may be construed to allege Defendants were involved with the alleged actions. Further, the correspondence on which the allegations in Paragraph 39 are based speaks for itself, and Defendants further deny the allegations in Paragraph 39 to the extent that they are inconsistent with said correspondence.

40.     Defendants deny the allegations in Paragraph 40. Further, any correspondence on which the allegations in Paragraph 40 are based speaks for itself, and Defendants further deny the allegations to the extent that they are inconsistent with said correspondence.

41.     The allegations in Paragraph 41 are denied.

42.     The allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 do not relate to Defendants. Thus, these are not allegations Defendants are required to admit or deny. However, Defendants deny said allegations to the extent they may be construed to allege Defendants were involved with the alleged actions or that the actions provide Plaintiff with any avenue of relief from Defendants.

45.     The allegations in Paragraph 45 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 45, and therefore the allegations are denied.

46.      The allegations in Paragraph 46 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 46, and therefore the allegations are denied. Further, the correspondence cited in Paragraph 46 speaks for itself. To the extent the allegations of Paragraph 46 seek to paraphrase or characterize the contents of the written e-mail, Defendants deny the allegations to the extent that they are inconsistent with that document.

47.    Defendants admit that Corizon is a separate and distinct entity, and they admit that Mr. Lefkowitz's alleged statement concerning Corizon's "multiple litigation matters" refers to litigation to which Corizon was or is a party. The remaining allegations in Paragraph 47 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, the allegations are denied. Further, the correspondence cited in Paragraph 47 speaks for itself. To the extent the allegations of Paragraph 47 seek to paraphrase or characterize the contents of the written e-mail, Defendants deny the allegations to the extent that they are inconsistent with that document.

48.    The allegations in Paragraph 48 do not relate to Defendants. Thus, these allegations are not allegations Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, the allegations are denied. Further, the correspondence cited in Paragraph 48 speaks for itself. To the extent the allegations of Paragraph 48 seek to paraphrase or characterize the contents of the written correspondence, Defendants deny the allegations to the extent that they are inconsistent with that document.

49.    The allegations in Paragraph 49 are denied.

50.    The allegations in Paragraph 50 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, the allegations are denied. Further, the correspondence cited in Paragraph 50 speaks for itself. To the extent the allegations of Paragraph 50 seek to paraphrase or characterize the contents of the written e-mail, Defendants deny the allegations to the extent that they are inconsistent with that document.

51.     The allegations in Paragraph 51 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 51, and therefore the allegations are denied. Further, the correspondence cited in Paragraph 51 speaks for itself. To the extent the allegations of Paragraph 51 seek to paraphrase or characterize the contents of the written e-mail, Defendants deny the allegations to the extent that they are inconsistent with that document.

52.     The allegations in Paragraph 52 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 52, and therefore the allegations are denied. Further, the correspondence cited in Paragraph 52 speaks for itself. To the extent the allegations seek to paraphrase or characterize the contents of the letter, Defendants deny the allegations to the extent that they are inconsistent with that document.

53.     The correspondence cited in Paragraph 53 speaks for itself. To the extent the allegations of Paragraph 53 seek to paraphrase or characterize the contents of the written correspondence, Defendants deny the allegations to the extent that they are inconsistent with that document.

54.     The allegations in Paragraph 54 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 54, and

therefore the allegations are denied. Further, Paragraph 54 contains a legal conclusion to which no response is required. However, to the extent a response is required, the allegations in Paragraph 54 are further denied.

55. Defendants object to the legal conclusion in Paragraph 55 regarding documentation required by the Second Valitas Contract. However, to the extent a response is required, upon information and belief, Defendants admit that Plaintiff Mr. Hyman submitted the specified documents on January 14, 2022.

56. The allegations in Paragraph 56 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege Defendants were involved with the alleged actions, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 56, and therefore the allegations are denied. Further, the agreement cited in Paragraph 56 speaks for itself. To the extent the allegations of Paragraph 56 seek to paraphrase or characterize the contents of the agreement, Defendants deny the allegations to the extent that they are inconsistent with that document.

57. The allegations in Paragraph 57 are denied.

58. Defendants are without knowledge of the truth of this allegation, and therefore it is denied.

59. Defendants are without knowledge of the truth of this allegation, and therefore it is denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied as stated. Texas's decades-old divisional merger statute, which is the controlling statute, is not "novel."

62.     Defendants do not know what Plaintiff means by the phrase "handful" in this context, and therefore the allegation in Paragraph 62 is denied.

63.     Paragraph 63 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny Plaintiff's one-sentence summary as insufficient to describe the process of a divisional merger.

64.     Paragraph 64 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny Plaintiff's one-sentence summary as insufficient to describe the process of a divisional merger.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 66, and therefore the allegations are denied.

67.     The source cited in Paragraph 67 speaks for itself. To the extent the allegations of Paragraph 67 seek to paraphrase or characterize the contents of the cited source, Defendants deny the allegations to the extent that they are inconsistent with the source.

68.     Paragraph 68 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the averments in Paragraph 68, and therefore the allegations are denied. Further, the sources cited in Paragraph 68 speak for themselves. To the extent the allegations of Paragraph 68 seek to paraphrase or characterize the contents of the cited sources, Defendants deny the allegations to the extent that they are inconsistent with the sources.

69.     Defendants deny that Corizon's divisional merger took place on April 28, 2022. The Plan of Divisional Merger merger is dated May 1, 2022, and was filed with the Texas Secretary of State on May 3, 2022.

70.     The Plan of Divisional Merger cited in Paragraph 70 speaks for itself. To the extent the allegations of Paragraph 70 seek to paraphrase or characterize the contents of the Plan, Defendants deny the allegations to the extent that they are inconsistent with the Plan.

71.     The Plan of Divisional Merger cited in Paragraph 71 speaks for itself. To the extent the allegations of Paragraph 71 seek to paraphrase or characterize the contents of the Plan, Defendants deny the allegations to the extent that they are inconsistent with the Plan.

72.     Defendants deny the allegation in Paragraph 72.

73.     Defendants admit that the intention was for Corizon employees to have jobs at YesCare following the divisional merger. Otherwise, the Plan of Divisional Merger cited in Paragraph 73 speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the Plan.

74.     The Plan of Divisional Merger cited in Paragraph 74 speaks for itself. To the extent the allegations of Paragraph 74 seek to paraphrase or characterize the contents of the Plan, Defendants deny the allegations to the extent that they are inconsistent with the Plan.

75.     The Plan of Divisional Merger cited in Paragraph 75 speaks for itself. To the extent the allegations of Paragraph 75 seek to paraphrase or characterize the contents of the Plan, Defendants deny the allegations to the extent that they are inconsistent with the Plan.

76.     Defendants deny the allegations in Paragraph 76 as stated and characterized.

77.     Defendants admit Corizon has filed for bankruptcy, but Defendants deny the remaining allegations in Paragraph 77 as stated and characterized.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Paragraph 80 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants state that the cited statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

81.     Paragraph 81 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants state that the referenced statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

82.     Paragraph 82 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants state that the cited statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

83.     Paragraph 83 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants state that the cited statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute.

84.     Defendants deny the allegations regarding consideration in Paragraph 84. Further, the Plan of Divisional Merger cited in Paragraph 84 speaks for itself. To the extent the allegations of Paragraph 84 seek to paraphrase or characterize the contents of the Plan, Defendants deny the allegations to the extent that they are inconsistent with the Plan.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87. Further, the cases cited in Paragraph 87 speak for themselves. To the extent the allegations of Paragraph 87 seek to paraphrase or characterize the contents of the cited source, Defendants deny the allegations to the extent that they are inconsistent with the cases.

88.     Defendants deny the allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations. Further, the cited statute speaks for itself. To the extent the allegations of Paragraph 89 seek to paraphrase or characterize the statute, Defendants deny the allegations to the extent that they are inconsistent with the statute.

90.     Paragraph 90 contains legal conclusions to which no response is required. However, to the extent a response is required, the case cited in Paragraph 90 speaks for itself. To the extent the allegations of Paragraph 90 seek to paraphrase or characterize the contents of the cited source, Defendants deny the allegations to the extent that they are inconsistent with the case.

91.     Paragraph 91 contains legal conclusions to which no response is required. However, to the extent a response is required, the legal authority cited in Paragraph 91 speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the legal authority.

92.     Paragraph 92 contains legal conclusions to which no response is required. However, to the extent a response is required, the legal authority cited in Paragraph 92 speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the legal authority.

93.     Paragraph 93 contains legal conclusions to which no response is required. However, to the extent a response is required, the cases cited in Paragraph 93 speak for themselves. To the extent the allegations of Paragraph 93 seek to paraphrase or characterize the contents of the cited source, Defendants deny the allegations to the extent that they are inconsistent with the cases.

94.     Defendants admit that Mr. Hyman is seeking the relief stated in Paragraph 94, but Defendants deny he is entitled to the requested relief.

95. Paragraph 95 contains legal conclusions to which no response is required. However, to the extent a response is required, the cited statute speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with the statute. Defendants also deny that Plaintiff is entitled to the requested relief.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants admit the allegations in the first sentence of Paragraph 98. Defendants deny the allegations in the second sentence of Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants object to Plaintiff's vague usage of the phrase "significant overlap," and therefore the allegation in Paragraph 100 is denied.

101. Defendants admit that the allegations in Paragraph 101 were accurate as of the effective date of the divisional merger.

102. As of the effective date of the divisional merger, Sara Tirschwell was not a director of Valitas Health Services, Inc. Defendants are without knowledge of the truth of the remainder of the allegations in Paragraph 102, and therefore they are denied.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants admit that the ownership percentages listed in Paragraph 104 are correct as of May 5, 2022. Prior to May 5, 2022, Sara Tirschwell owned 100% of YesCare.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

14

109. Defendants deny the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations to the extent they misstate the legal doctrine of fiduciary duty.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response would be required, the allegation is denied.

112. Defendants deny the factual allegations in Paragraph 112. Further, Paragraph 112 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants further deny the allegations to the extent they misstate the legal doctrine of fiduciary duty.

113. Defendants deny the factual allegations in Paragraph 113. Further, Paragraph 113 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations to the extent they misstate the legal doctrine of fiduciary duty.

114. Defendants deny the factual allegations in Paragraph 114. Further, Paragraph 114 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations to the extent they misstate the legal doctrine of fiduciary duty.

115. Defendants deny the factual allegations in Paragraph 115. Further, Paragraph 115 contains legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations to the extent they misstate the legal doctrine concerning fiduciary duties.

116.     Defendants deny the factual allegations in Paragraph 116. Further, Paragraph 116 contains legal conclusions to which no response is required.  However, to the extent a response is required, Defendants deny the allegations to the extent they misstate the legal doctrine of fiduciary duty.

117.     Defendants do not know what Plaintiff means by "similar positions," and therefore the allegations in Paragraph 117 are denied.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121.

122.     Defendants deny the allegations in Paragraph 122

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128.

129.     Defendants deny the allegations in Paragraph 129.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraphs 139-148 are not directed at Defendants, and thus no response is required.  To the extent the allegations make any claim from Defendants, or would be used to claim any liability by Defendants, the allegations are denied.

149.    Defendants admit that Plaintiff Hyman is suing Mr. Lefkowitz, Perigrove, and Mr. King for promissory fraud, but Defendants deny that he is able to state a claim for promissory fraud.

150.    The allegations in Paragraph 150 do not relate to Defendants. Thus, these allegations are not allegations which Defendants are required to admit or deny. However, to the extent they may be construed to allege that Defendants were involved with the alleged actions, Defendants state that the communication cited in Paragraph 150 speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with that document.

151.    The communication cited in Paragraph 151 speaks for itself. To the extent the allegations seek to paraphrase or characterize the contents of the correspondence, Defendants deny the allegations to the extent that they are inconsistent with that document.

152.    The allegations in Paragraph 152 are denied as to Defendants.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    The allegations in Paragraph 155 are denied as to Defendants.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

## RELIEF REQUESTED

159.    The statements in Plaintiff's Prayer for Relief do not contain any allegations which Defendants are required to admit or deny.  However, to the extent any section of Plaintiff's Prayer for Relief may be deemed to require admission or denial, Defendants deny said allegations and deny that Plaintiff is entitled to any of the relief Plaintiff requests in this lawsuit.

## GENERAL DENIAL

160.    Answering further, and by way of defense, Defendants state that any allegations contained in Paragraphs 1 through 158 of Plaintiff's Complaint (including the footnotes) that are not expressly admitted or modified herein are hereby denied.  Any general allegations not specific to Defendants are also denied.

## RESPONSE TO FOOTNOTES

161.    Defendants generally object to the extensive use of argumentative footnotes in the Complaint as inconsistent with the "short and plain" statement required by Fed. R. Civ. P. 8.  Not waiving that objection, Defendants respond to the footnotes as follows:

    a.    Footnote 1:  Defendants admit that Plaintiff initiated an arbitration against YesCare.  Defendants deny the remaining allegations as insufficient to summarize the course of proceedings in the arbitration.

    b.    Footnote 2:  Defendants do not know who "they" refers to and deny anything was "rebranded" as YesCare.  To the extent Footnote 2 constitutes an allegation, it is denied.

c.      Footnote 3:  To the extent the argumentative statements in that footnote constitute an allegation, they are denied.

d.      Footnotes 4-7:  These footnotes cite to materials which speak for themselves.  Defendants deny any representation inconsistent with the text of the material cited.

e.      Footnote 8:  Defendants admit the principal place of business for Tecum, YesCare, and CHS is in Brentwood, Tennessee; otherwise the allegations are denied.

f.      Footnote 9:  Defendants object to the legal conclusions in the footnote and deny any allegations inconsistent with the Plan of Divisional Merger.

g.      Footnote 10:  Defendants deny the argumentative allegations in Footnote 10.

h.      Footnote 11: This footnote cites to materials which speak for themselves. Defendants deny any representation inconsistent with the text of the material cited.

i.      Footnote 12:  Defendants are without knowledge of the truth of this allegation, and therefore it is denied.

j.      Footnote 13:  Defendants deny there was anything "suspect" about the transaction at issue, and therefore the allegation is denied.

## AFFIRMATIVE DEFENSES

### First Defense

162.    Subject to and without waiving any prior objections, answers or defenses and without altering the burden of proof in this matter, Defendants' conduct with respect to Plaintiff did not in any way violate any applicable laws, whether willfully or otherwise.

19

## Second Defense

163.    Subject to and without waiving any prior objections, answers or defenses and without altering the burden of proof in this matter, Defendant Mr. King did not breach any duty owed to Plaintiff.

## Third Defense

164.    Subject to and without waiving any prior objections, answers or defenses and without altering the burden of proof in this matter, if Plaintiff sustained any damages due to the actions of any of the Defendants, which Defendants deny, Plaintiff failed, refused, and/or neglected to mitigate or avoid any such damages that were incurred.

## Fourth Defense

165.    Subject to and without waiving any prior objections, answers or defenses and without altering the burden of proof in this matter, Plaintiff's claims fail because all decisions made by Plaintiff which are at issue in this lawsuit were made knowingly and intelligently as they related to any information provided to Plaintiff by Defendants.

## Fifth Defense

166.    Subject to and without waiving any prior objections, answers or defenses and without altering the burden of proof in this matter, Plaintiff's claims are barred, in whole or in part, by estoppel and/or waiver.

## Additional Defense

167.    Defendants may have other affirmative defenses not currently known to them, which may become known through investigation, discovery, and/or any other proceedings in this lawsuit.  Defendants reserve the right to modify, amend or supplement this Answer and assert additional affirmative defenses as they become known, if applicable.

HOLLAND & KNIGHT LLP

s/ W. Travis Parham
W. Travis Parham (TN BPR #016846)
Andrew A. Warth (TN BPR #027606)
Karolyn G. Perry (TN BPR #036900)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel. 615.244.6380
Travis.Parham@hklaw.com
Drew.Warth@hklaw.com
Karolyn.Perry@hklaw.com

*Counsel for Defendants YesCare Corp.,*
*CHS TX, Inc., and Scott King*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 24, 2023, a copy of the foregoing document was filed electronically via the court's CM/ECF system, which will serve counsel below as indicated on the court's notice of electronic filing.

Michael A. Johnson
Casey R. Malloy
KAY GRIFFIN PLLC
222 Second Ave North, Suite 340-M
Nashville, TN 37201
mjohnson@kaygriffin.com
cmalloy@kaygriffin.com

*Attorneys for the Plaintiff*

s/ W. Travis Parham